# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-391V
UNPUBLISHED

| | |
|---|---|
| ANTONIO LORENZO, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 14, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON ENTITLEMENT**[1]

On January 8, 2021, Antonio Lorenzo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration (SIRVA) resulting from adverse effects of an influenza vaccination he received on October 4, 2020. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, his symptoms lasted for more than six months, and neither Petitioner, nor any other party, has ever received compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at 2; Exhibit (Ex.)

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1 at 1; Petitioner's Affidavit, Ex. 6 at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 2, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. It is Respondent's position that "[P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ('Table') and the Qualifications and Aids to Interpretation ('QAI') for SIRVA following the intramuscular administration of a flu vaccine." Specifically, Respondent determined that "[P]etitioner had no history of pain, inflammation or dysfunction in his right shoulder; his pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; his symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain his symptoms." *Id.* at 3-4 (footnote omitted). Respondent further agrees that "the case was timely filed, that the vaccine was received in the United States, and that [P]etitioner satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master